IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ANTHONY FERRETTI, | Misc. No. 18-00057 JMS-RLP |
|---|---|
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATION TO CLOSE THIS CASE |
| vs. | |
| BEACH CLUB MAUI, INC., | |
| Respondent. | |

## ORDER ADOPTING FINDINGS AND RECOMMENDATION TO CLOSE THIS CASE

### I. INTRODUCTION

On April 24, 2018, Magistrate Judge Richard L. Puglisi issued a Finding and Recommendation to close this case ("F&R"). ECF No. 14. Petitioner Anthony Ferretti ("Petitioner") then filed an "Apology to District Judge," ECF No. 15, and an Opposition to dismissal, ECF No. 16, which, together, the court construes as Petitioner's Objections to the F&R.

For the reasons discussed below, the court ADOPTS the F&R and directs the Clerk of Court to close this case.

///

///

## II. BACKGROUND

On February 28, 2018, Petitioner initiated this action by filing a Motion to Compel Respondent Beach Club Maui, Inc. ("Respondent" or "BCM") to produce documents in response to a Rule 45 subpoena issued in a separate action in the United States District Court for the Southern District of Florida — *Ferretti v. NCL (Bahamas) Ltd.*, Civ. No. 17-20202 (GAYLES). ECF No. 1. Respondent, not a party to the Florida action, filed an Opposition on March 20, 2018, indicating that it would respond to the subpoena and produce documents, subject to limited objections. ECF No. 9. Based on this apparent resolution of the Motion to Compel, on April 9, 2018, Magistrate Judge Puglisi directed Petitioner to file a reply indicating what, if any, issues remain for the court to resolve. *See* ECF No. 11. In reply, Petitioner stated that he would meet and confer with Respondent's counsel to "obtain . . . those materials the parties can agree are relevant and obtainable." Reply at 2, ECF No. 12.

Thus, on April 10, 2018, Magistrate Judge Puglisi denied without prejudice the Motion to Compel and directed Petitioner to file a status report by April 20, 2018. *See* ECF No. 13. Petitioner was directed to indicate whether the parties resolved their discovery issues and whether Petitioner intended to file a new motion to compel or request that the action be closed. *See id.* Petitioner failed to file a status report. On April 24, 2018, Magistrate Judge Puglisi found that

Petitioner appeared to have abandoned the action and recommended that the case be closed. *See* F&R at 2.

### III. **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

### IV. **DISCUSSION**

Petitioner objects to the F&R arguing that there is a "reasonable basis for this case remaining open," namely, that he "complied with the Court's

directive." ECF No. 16 at 2. Petitioner apologized on April 24, 2018, "for not having recontact[ed] [Magistrate Judge Puglisi] concerning the . . . refiling [of] additional discovery which complied with the Court's earlier ruling." ECF No. 15 at 2. And on April 25, 2018, Petitioner argued that by filing a new discovery request in a third pending action — *Ferretti v. Beach Club Maui, Inc.*, Civ. No. 18-00012 JMS-RLP (D. Haw.) — he "obey[ed] and compl[ied] with the April 20, 2018 deadline to submit a status report. ECF No. 16 at 2. Petitioner contends that he "inadvertently" filed the new request in the "wrong proceeding." *Id.* at 2-3. Petitioner further contends that even though the new discovery request was filed in the Hawaii civil action, it "proved . . . that [Petitioner] desired and intended to pursue the issues presented," complied with Magistrate Judge Puglisi's instruction, and "was not abandoning this case." *Id.* at 3.

But the new discovery request filed in Civ. No. 18-00012 JMS-RLP did *not* comply with Magistrate Judge Puglisi's instruction. That is, the new request neither indicated that Petitioner intends to file a new motion to compel enforcement of the Rule 45 subpoena nor requested that this miscellaneous action to enforce the Rule 45 subpoena be closed. Rather, the new discovery request noticed the deposition of Kevin Hoke and other employees of BCM and requested that "deponent Kevin Hoke and/or defendant [BCM]" bring documents that appear

4

to be the same or similar to those requested by the Rule 45 subpoena. ECF No. 16-1.

Petitioner appears to view both civil cases and the instant miscellaneous case as one action, but this is neither correct nor helpful to the court's review. For example, the court cannot discern whether (1) the parties to the instant miscellaneous case resolved their document production dispute and therefore, the new discovery request merely sets forth the logistics of production; or (2) the dispute over production of documents remains unresolved, but that Petitioner is now seeking production of the same or similar documents through the new discovery request in the Hawaii civil action.

Regardless, despite Petitioner's objection to closing the instant miscellaneous case, he has not articulated a reason to keep it open. That is, Petitioner has not indicated that he intends to file a renewed motion to compel to enforce the Rule 45 subpoena. To the contrary, Petitioner appears to be seeking production of discoverable documents from BCM through the Hawaii civil action. Thus, the court agrees with Magistrate Judge Puglisi and finds that Petitioner appears to have abandoned this case.

## V. **CONCLUSION**

Based on the foregoing, the court ADOPTS the F&R to close this case. To be clear, the court is ordering that only this miscellaneous action be

closed.  This ruling has no effect on the pending civil action in this court, Civ. No. 18-00012 JMS-RLP.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 12, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Ferretti v. Beach Club Maui, Inc.*, Misc. No. 18-00057 JMS-RLP, Order Adopting Findings and Recommendation to Close this Case